# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SATERA N. WASHINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-18-1045-R |
| INTEGRIS HEALTH, INC. | ) ) ) ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion to Strike certain of Defendant's defenses (Doc. 11). Plaintiff moves this Court pursuant to Fed. R. Civ. P. 12(f) to strike paragraphs 31 and 32 of Defendant's answer, denominated as "Additional Defenses,"[1] because they fail to comply with the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009). These defenses read as follows:

- "31. To the extent Plaintiff has failed to mitigate damages, any recoverable damages must be limited accordingly."

- "32. Integris is not Plaintiff's employer and was not Plaintiff's employer when the alleged retaliatory actions occurred."

Doc. 7, at 5, ¶¶ 31–32. Defendant objects to Plaintiff's motion, arguing that Plaintiff has

---

[1] The defenses under the "Additional Defenses" heading appear to be Defendant's affirmative defenses, even though they are not titled as such. Defendant's arguments in its response to the motion to strike bolster this reading. *See* Doc. 12.

not shown prejudice or lack of notice by the inclusion of the affirmative defenses as pled, that the pleading sufficiency standards applicable to complaints do not apply to answers, and that the affirmative defenses are, in fact, sufficiently pled. *See generally* Doc. 12.

In a motion to strike, "[t]he court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The motion's purpose is to "save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Lofton v. FTS Int'l Mfg., LLC*, No. CIV-17-242, 2017 WL 3741982, at *5 (W.D. Okla. Aug. 30, 2017) (internal quotation marks and citation omitted). "[M]otions to strike are generally a disfavored, drastic remedy and are rarely granted." *Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *2 (W.D. Okla. Feb. 5, 2018) (citing *United States v. Hardage*, 116 F.R.D. 460, 463–64 (W.D. Okla. 1987)); *see also Tavasci v. Cambron*, No. CIV-16-0461 JB/LF, 2016 WL 6405896, at *7 (D.N.M. Oct. 25, 2016) (noting that motions to strike "tend to be busywork, and crowd the docket" (internal quotation marks and citation omitted)). Moreover, the Court "possesses considerable discretion in disposing of a Rule 12(f) motion to strike." *SFF–TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 978 (N.D. Okla. 2017) (internal quotation marks and citation omitted).

Plaintiff spills a great deal of ink on a motion many courts consider "a dilatory tactic," "purely cosmetic," and a "time waster[]." *Lane v. Page*, 272 F.R.D. 581, 587 (D.N.M. 2011) (internal quotation marks and citations omitted). The Court need not follow suit. First, contrary to Defendant's argument, this Court determined in 2009 that *Twombly* (and, by extension, *Iqbal*) apply to affirmative defenses. In *Gibson v. OfficeMax, Inc.*, the

2

Court concluded that

> [u]nless and until the Tenth Circuit holds otherwise, this Court holds that affirmative defenses other than the failure to mitigate damages are subject to the pleading requirements of [Fed. R. Civ. P.] 8 . . . and *Bell Atlantic Corp. v. Twombly* . . . . Thus, unless the factual basis for an affirmative defense is clear from the face of the complaint, *e.g.*, where the claim asserted is clearly barred by the statute of limitations, in which case the mere statement that the claim is barred by that statute is sufficient, a defendant must allege a sufficient factual basis or bases for his or its affirmative defense to show that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability.

*See Gibson v. OfficeMax, Inc.*, No. CIV-08-1289-R, at 2 (W.D. Okla. Jan. 30, 2009) (also attached as Exhibit 1 to Plaintiff's Motion to Strike). The Court will not revisit its prior decision today—though it acknowledges that judges in this district court have disagreed on whether *Twombly* and *Iqbal* apply to affirmative defenses.[2]

However, while abiding by *Gibson* brings affirmative defenses within the ambit of *Twombly* and *Iqbal*, it also allows the Court to dispense with one of Plaintiff's arguments quickly. In *Gibson*, the Court declined to apply *Twombly* to the affirmative defense of failure to mitigate damages "because a Title VII plaintiff has the duty to mitigate her damages." *See* Doc. 11-1, at 3 (*Gibson* Order attached as Plaintiff's exhibit). As "the

---

[2] *Compare Knighten*, 2018 WL 718533, at *2 n.1 (DeGiusti, J.) ("The Tenth Circuit has not addressed whether the heightened pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses, and there is a split among district courts on the issue. . . . However, this Court has consistently concluded that the *Twombly/Iqbal* standard does not apply with the same force to affirmative defenses." (internal quotation marks and citation omitted)), *and Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-0397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009) (Heaton, C.J.) ("[T]he court concludes the *Twombly* standard applicable to a plaintiff's claims does not apply with the same force to a defendant's affirmative defenses and that, at least in the ordinary circumstance, a more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes."), *with Burget v. Capital W. Sec., Inc.*, No. CIV–09–1015–M, 2009 WL 4807619, at *2 (W.D. Okla. Dec. 8, 2009) (LaGrange, J.) (applying *Twombly* to affirmative defenses), *and Woodard v. Chesapeake Energy Mktg.*, No. CIV-08-1097-W, 2009 WL 10702563, at *1 (W.D. Okla. Feb. 17, 2009) (West, J.) (same)

defendant never has the burden of showing that the Plaintiff failed to mitigate his or her damages," the Court declined to subject the mitigation affirmative defense to any type of heightened pleading standard. Accordingly, the Court declines to strike Defendant's affirmative defense of failure to mitigate damages.

As to Defendant's "former employer" defense, the Court will strike it—but only because it is not legitimately characterized as an "affirmative defense." Defendant bears no burden of proof regarding its employer status vis-à-vis the Plaintiff and, therefore, was not required to include a defense addressing the topic. The inclusion of this defense in Defendant's answer—or, more importantly, the striking of it—is of no consequence to Defendant's ability to raise this argument in the present action. Defendant likely pled the defense out of an abundance of caution.[3]

---

[3] Defendant appears to concede these points, at least in part, in its response:

> [T]he risk of potentially waiving defenses by not including them in the Answer "makes it important (and certainly prudent) to plead all appropriate affirmative defenses, and the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." *Knighten*, *supra*, 2018 WL 718533, at *3.
>
> INTEGRIS' "former employer" defense likely falls in this category because it is a factual defense that goes to an essential element of the Plaintiff's *prima facie case*—*i.e.*, the question of whether an act by INTEGRIS was the cause of her claimed damages. This is not INTEGRIS' burden to disprove, but rather Plaintiff's burden to establish by a preponderance of the evidence. Because Plaintiff's claimed damages all stem from OCU's termination of her employment, the fact that INTEGRIS was not her employer and, thus, did not make the decision to terminate her employment is an obvious and valid factual defense . . . .

Doc. 12, at 8; *see also* Doc. 14, at 7 ("Defendant is admitting [the former employer defense] is not an affirmative defense but a mere denial."). Indeed, rather than an affirmative defense Defendant is required to plead, Defendant's "former employer" defense effectively repurposes and restates portions of Plaintiff's complaint as an attack on Plaintiff's theory of liability. *See* Doc. 1, at 2, ¶¶ 5, 8 ("Plaintiff had *previously* been an employee of Defendant Integris" and "Plaintiff was employed by Oklahoma City University ("OCU") from approximately August 2017, until . . . February 2, 2018").

Therefore, the Court grants in part and denies in part Plaintiff's motion. Defendant's "former employer" defense is stricken, as it is not an affirmative defense, while Defendant's mitigation defense is not stricken, as it is properly pled.

IT IS SO ORDERED this 30th day of January 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE